

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2006

# USA v. Skiba

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2436

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Skiba" (2006). *2006 Decisions.* Paper 1202.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1202

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2436

UNITED STATES OF AMERICA

v.

LAWRENCE A. SKIBA,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00291-2)
District Judge: Honorable Gustave Diamond

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2006

Before: SLOVITER and AMBRO, Circuit Judges,
and DuBOIS,[*] District Judge

(Opinion filed: April 28, 2006)

OPINION

AMBRO, Circuit Judge

    Lawrence Skiba appeals from the judgment of conviction and sentence entered by

_____

[*]Honorable Jan E. DuBois, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

the United States District Court for the Western District of Pennsylvania. He argues that the District Court, in imposing his 20-year term of imprisonment, failed to consider adequately the sentencing factors in 18 U.S.C. § 3553(a). For the reasons below, we affirm the decision of the District Court.[1]

## I.

As we write solely for the parties, we discuss only those facts necessary to our decision. Under the terms of a written plea agreement, Skiba agreed to (i) plead guilty to two counts of interstate murder for hire in violation of 18 U.S.C. §§ 1958 and 2, (ii) accept responsibility for the remaining counts of the indictment, and (iii) cooperate in the prosecution of the individual Skiba had hired to perform the murder. In return, the Government agreed to withdraw its notice of intent to seek the death penalty filed pursuant to 18 U.S.C. § 3953(a). The Government also indicated that if it determined that Skiba provided substantial assistance in the investigation or prosecution of others, it might, in its sole discretion, file a motion pursuant to U.S.S.G. § 5K1.1 (authorizing a sentencing court, upon motion by the Government, to depart downward from the Sentencing Guidelines) and 18 U.S.C. § 3553(e) (authorizing a court, upon motion by the Government, to "impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or

---

[1]We have jurisdiction to review Skiba's sentence for unreasonableness under 18 U.S.C. § 3742(a)(1) (authorizing the appeal of sentences "imposed in violation of law"). *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

prosecution of another person who has committed an offense"). Finally, the parties stipulated that, absent any reduction of sentence that might occur pursuant to a motion under § 5K1.1 and § 3553(e), life imprisonment is the mandatory minimum punishment for a violation of 18 U.S.C. § 1958 when, as was true in Skiba's case, death resulted from the interstate murder for hire. 18 U.S.C. § 1958(a). Thus, should the Government decline to file such a motion, Skiba would be sentenced to life imprisonment pursuant to the statutory minimum. The Government ultimately secured a conviction of the person Skiba had hired and subsequently filed a § 5K1.1 and § 3553(e) motion. The District Court complied with the Government's motion and, following conviction, sentenced Skiba to 20 years of incarceration, five years supervised release, and a special assessment of $200.

The Presentence Report calculated Skiba's total offense level as 40 (after a three level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1) and his criminal history category as I. That yielded a Guidelines range of 292-365 months. The District Court explicitly noted that, after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines range was advisory only. The District Court went on to note that it thought a sentence at the top of the Guidelines range would have been appropriate, but reduced Skiba's sentence to 240 months imprisonment in light of "[his] age, the time that he [had already] served in prison, and the reduction that he will receive for good [behavior]."

## II.

Skiba argues that the District Court did not conduct a detailed analysis of the

sentencing factors at § 3553(a) and his sentence is thus unreasonable under *Booker*.

Because of *Booker*, the federal Sentencing Guidelines are advisory. *Id*. at 259-60.

Accordingly, district courts must consider those Guidelines, as well as the other factors

set forth in 18 U.S.C. § 3553(a), in determining an appropriate sentence. *Id*. at 259. We

review sentences to determine if they are reasonable. *Id*. at 264.

Section 3553(a) requires that a district court "impose a sentence sufficient, but not

greater than necessary," to meet the four purposes of sentencing set forth in § 3553(a)(2).

Those purposes are "retribution, deterrence, incapacitation and rehabilitation." *United*

*States v. Denardi*, 892 F.2d 269, 276 (3d Cir. 1989) (Becker, J., concurring in part). The

factors a court must consider are:

> (1) the nature and circumstances of the offense and the history and
> characteristics of the defendant; (2) the need for the sentence imposed – (A)
> to reflect the seriousness of the offense, to promote respect for the law, and
> to provide just punishment for the offense; (B) to afford adequate
> deterrence to criminal conduct; (C) to protect the public from further crimes
> of the defendant; and (D) to provide the defendant with needed educational
> or vocational training, medical care, or other correctional treatment in the
> most effective manner; (3) the kinds of sentences available; [and] (4) the
> kinds of sentence and the sentencing range established for . . . the
> applicable category of offense committed by the applicable category of
> defendant as set forth in the guidelines . . .

18 U.S.C. § 3553(a).

In *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), a decision that was issued

after briefing in this case was completed, we held that post-*Booker*

> [t]he record must demonstrate that the trial court gave meaningful
> consideration to the § 3553(a) factors. The court need not discuss every
> argument made by a litigant if an argument is clearly without merit. Nor

4

must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing. Nor will we require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are not advisory. On the other hand, a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it.

*Id*. at 329 (citations and internal quotations omitted).

The record demonstrates that the Court took the § 3553(a) factors into account in sentencing. With regard to the nature and circumstances of offense, Judge Diamond stated:

[T]he Court also has to take into consideration the nature of this crime . . . . It was a crime that was premeditated and planned for at least a year . . . . The defendant took additional insurance out on that individual and in the process made fraudulent statements to the insurance company, planned the execution of Mr. Cooper with a known violent man from Chicago, brought him here, provided him with a gun, with bullets for the gun, drove him to the scene of the crime, dropped him off, and then at least was within earshot as the trigger man executed Mr. Cooper, and for what? For money. . . . [I]t's a horrendous crime.

With regard to the history and characteristics of the defendant, Judge Diamond heard testimony from multiple witnesses as to Skiba's good character and stated: "[T]he Court is obliged to . . . fashion a sentence that takes into account, into consideration the nature and the character of the defendant, which the Court finds that, based on the testimony here today, at least in many respects, was very good." The Court also stated that the number of witnesses who came to the sentencing hearing to support Skiba was "an indication certainly of his character and his past history, at least with those

individuals, and it is a factor that the Court does take into consideration."

As for the sentence imposed, Judge Diamond twice identified the four goals of sentencing and cited the Court's obligation to fashion a sentence that is sufficient but not excessive to accomplish those objectives. The Court further explicitly took into account Skiba's life expectancy, and concluded that the 20-year sentence would allow Skiba to be released 12 years short of his life expectancy. With regard to the kinds of sentences available, Judge Diamond noted that, absent the plea agreement and the Government's § 5K1.1 motion, Skiba would have been sentenced to life imprisonment. The Court also heard argument from defense counsel that the sentence should allow Skiba to "rejoin the community and his family with something left of his life."

Finally, as for the kinds of sentence and the advisory sentencing range established by the Guidelines, Judge Diamond explicitly considered the advisory Guidelines range, noted their advisory nature, and entered a sentence within the relevant range. *See Cooper*, 437 F.3d at 332 ("A sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range."). We are satisfied that the District Court "exercised its discretion by considering the relevant factors" of 18 U.S.C. § 3553(a), and that it applied them reasonably in arriving at a sentence. *Id*. at 329.

Moreover, there is no evidence that either party raised a ground of recognized legal merit that the District Court failed to address. Skiba claims only that the Court "engaged in a recitation of the sentencing factors, nothing more." As stated above, the Court is not required to discuss and make findings as to each of the § 3553(a) factors; rather, the

6

record must demonstrate it gave meaningful consideration to them.  *Cooper*, 437 F.3d at 329.  We are satisfied that the Court has done so here and we accordingly conclude that the sentence is reasonable.

* * * * *

For the foregoing reasons, we affirm the order of the District Court.